IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JERRY W. LEWIS | § | CIVIL ACTION NO. _____ |
| | § | |
| VS. | § | |
| | § | Pursuant to Rule 9(h) of |
| HOUSTON MARINE SERVICES, INC. | § | the Federal Rules of |
| | § | Civil Procedure - ADMIRALTY |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW JERRY W. LEWIS, Plaintiff, complaining of HOUSTON MARINE SERVICES, INC., Defendant, and, for cause of action, would respectfully show unto this Honorable Court the following:

I.

1.  Plaintiff JERRY W. LEWIS is a citizen and resident of the state of Texas.

2.  Defendant Houston Marine Services, Inc. is a domestic corporation with its principal place of business in the Southern District of Texas, doing business in the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Geren L. Graham, 5300 Memorial, Suite 605, Houston, Texas 77007.

II.

This is a case of admiralty and maritime jurisdiction, brought pursuant to 28 U.S.C. § 1333, the general maritime law and the Jones Act 46 U.S.C. § 688, as hereinafter more fully appears. This is an admiralty or maritime claim within the meaning of Rule 9(h), and is brought pursuant to Rule 9(h).

### III.

Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 FRCP.

### IV.

Plaintiff is an American seaman and brings this action pursuant to 46 U.S.C. § 688 and pursuant to the 28 U.S.C. § 1333 and the general maritime law of the United States. As such, pursuant to 28 U.S.C. § 1916, Plaintiff brings this action without the necessity of pre-payment of costs, fees or the necessity of furnishing security therefor.

### V.

At all material times hereto, Defendant was the owners and/or operators of the HMS 60 and the HMS AMERICA, the vessels on which Plaintiff was injured, vessels operating on the navigable waters of the United States of America.

### VI.

At all material times hereto, Plaintiff was an employee of Defendant, acting within the course and scope of his employment as a seaman and in the service of the vessels.

### VII.

On or about December 19, 2004, as Plaintiff was performing his regular duties while in the service of the vessels, he sustained severe and disabling injuries when he was required to manually move 55 gallon drums.  Said injuries were caused in whole or in part by the negligence of the Defendant, its agents, servants and/or employees and/or was legally caused by the unseaworthiness of the vessels.

## VIII.

On or about December 19, 2004, Plaintiff was working as a tankerman and member of the crew of the vessels owned and operated by Defendant. While Plaintiff was performing duties in the vessel's service, he sustained injuries as described above. Said Defendant failed in its duty to provide Plaintiff with safe and seaworthy vessels on which to work.

## IX.

By reason of the occurrence made the basis of this action, including the conduct on the part of the Defendant, Plaintiff sustained severe bodily injuries as described above. As a result of said injuries, Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life. As a result of the foregoing injuries, the Plaintiff has suffered a loss of wages in the past, and a loss of capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently. Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future. Additionally, as a result of the injuries sustained in said occurrence, Plaintiff has suffered in the past, and will, in reasonable medical probability, continue to suffer permanent physical impairment.

## X.

Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

**XI.**

Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessels. As a result, Defendant had, and continues to have, a non-delegable duty to provide the Plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duties continue. Defendant has denied payment and/or has unreasonably delayed payment for maintenance and cure. As a result of Defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of his condition caused by Defendant's failure, attorneys' fees and punitive damages for which he now sues, in addition to all other relief sought.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JERRY W. LEWIS, prays for judgment against Defendant, for all costs of Court, and for all such other and further relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

/s/ *Francis I. Spagnoletti*
_____
Francis I. Spagnoletti
State Bar No. 18869600
SPAGNOLETTI & CO.
1600 Smith, 45th Floor
Houston, Texas 77002
Telephone: 713-653-5600
Facsimile: 713-653-5656
Email: fspagnoletti@spaglaw.com